# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERRY TATUM,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-017

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Equal

Access to Justice Act (EAJA) (Doc. 23), which the Commissioner does not oppose (Doc. 24).

The EAJA provides for an award of attorney fees to a party who prevails in a civil action

against the United States "when the position taken by the Government is not substantially

justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of

Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA

provides:

> [A] court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For its position to be substantially justified, the United States must show that it had a

reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487

U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was

"justified in substance or in the main." *Id.* at 565. In other words, the Court must determine

whether the government's position was justified in law and in fact to a degree that would satisfy

a reasonable person. *Id*. *See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).

In this case, plaintiff is the prevailing party, and the position taken by the Commissioner was not substantially justified. After plaintiff filed his Statement of Errors, the Commissioner and plaintiff stipulated to reversal of the final decision of the Commissioner and moved the Court to remand this matter to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 19). In accordance with the parties' stipulation, the District Judge remanded the matter to the Commissioner for further administrative proceedings and a new decision pursuant to Sentence Four.

Because the Commissioner stipulated to the remand of this matter, the Commissioner has not met his burden of proving substantial justification. Further, after careful review of the record, and in the absence of any opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here. Accordingly, EAJA fees should be awarded to plaintiff's counsel for her work conducted before this Court (*i.e.*, the work in securing the remand).

The Court finds that the hourly rate of $165.00, adjusted for cost-of-living increases since enactment of the EAJA, and the 22.25 hours claimed by counsel for work performed on this case are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates

the Anti-Assignment Act, 31 U.S.C. § 3272," and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee award must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $3,671.25 in attorney fees.

Date: 3/25/13

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JERRY TATUM,                                    Case No. 1:12-cv-017
    Plaintiff,                          Dlott, J.
                                        Litkovitz, M.J.
    vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).